## NECESSARY PARTIES IN AN ACTION IN PARTITION.

Common Pleas Court of Licking County.

GEORGE RICHARDS ET AL V. HOWELL RICHARDS ET AL.

Decided, April Term, 1912.

*Partition—Husbands and Wives of Tenants in Common Not Necessary*
*Parties—Division of Fee to Counsel Filing the Action May be Made*
*to Other Counsel in the Case, When.*

1. Counsel other than for the partitioner in a partition case, who per-
   form services which are of benefit to the parties in interest and
   assist in the determination of the case, are entitled to share in the
   fee regularly allowed to counsel for the petitioner, but are not en-
   titled to an extra counsel fee on account of such services.
2. The wives and husbands of tenants in common are not necessary par-
   ties to an action for partition, and counsel whose services consisted
   in bringing into the case the wives and husbands of the tenants in
   common in the lands sought to be partitioned are not entitled to
   share in the counsel fee to be awarded in the case. *Weaver* v. *Gregg*,
   6 Ohio State, 547, and *Mandel* v. *McClave*, 46 Ohio State, 407, dis-
   tinguished.

*Kibler & Kibler*, for the application.
*Fitzgibbon & Montgomery*, contra.

WICKHAM, J. (orally).

On January 26, 1912, the plaintiffs, George Richards and
Alice Brooks, filed their petition against Howell Richards et al,
for the partition of certain lands owned by the plaintiffs and the
defendants, who were tenants in common.

The plaintiffs and the defendants, with possibly one excep-
tion, were married men and women. The husbands and wives
of the tenants in common were not made parties to the suit.
Afterwards, on the 8th of March, 1912, one of the defendants,
Charles Richards, filed an answer and cross-petition in the case,
and in his cross-petition he sets out the facts that the plaintiffs
and defendants were married, and sets out the names of the hus-

bands and wives of the tenants in common. He prayed that the husbands and wives be made parties to the partition suit, which was done. The cause then proceeded by due course to the decree in partition. Commissioners were appointed, who reported that the lands could not be divided by metes and bounds, and returned an appraisement. The land was sold by order of the court; the report of the commissioners was confirmed and the deed and distribution was ordered, and a counsel fee was allowed by the court in the case.

Kibler & Kibler, representing the cross-petitioner, moved the court for an allowance to them of a part of the counsel fees in the case.

If the husbands and wives of the tenants in common were necessary parties, the services of Kibler & Kibler were of value and of benefit to the parties to the suit, and under the rule as we understand it they would be entitled to a portion of the counsel fee allowed by the court in the case.

It has been the practice, so far as we understand it, in partition cases, where counsel other than those who file the petition perform services which have resulted in a benefit to the parties, and have assisted in the prosecution of the case and in carrying it through to the final determination, to award to them, not an extra counsel fee in the case, but a part of the counsel fee allowed to counsel in the case by the court. In other words, they share, not equally always, but share with counsel for the plaintiff in a division of the counsel fees.

We think there can be no doubt about that being the rule, and so we think there is but a single question involved in this case, and that is whether the husbands and wives of the tenants in common were necessary parties.

It follows that if they were not necessary parties, all that was done by Kibler & Kibler in bringing them into the case did not result in any benefit to the parties in the case, and therefore their services would not be of value, and they would not be entitled to a part of the counsel fee.

It was held by the Supreme Court of this state in *Weaver v. Gregg,* reported in 6 O. S., 547, that the husband or wife of a

tenant in common in a partition suit was not a necessary party. In that case George Weaver was the owner of an undivided one-fourth of certain lands in Pickaway county. He and his wife were married in 1819, and were husband and wife in 1840. In that year a partition suit was brought to partition the lands in which George Weaver owned an undivided one-fourth. His wife was not made a party defendant. The lands were sold in the partition proceedings. In 1848 George Weaver died, and thereupon his wife brought an action against the purchaser of the land for the assignment of dower, claiming that she was not a party to the partition suit in 1840, and that the decree of partition did not extinguish her dower; that she was still entitled to dower, and that upon the death of her husband her dower became consummate, and that she was entitled to a life estate in one-third of his land. The Supreme Court held that she was not entitled to dower; that she was not a necessary party in the partition suit, and that by the sale of the lands in partition her dower was extinguished. That has been recognized, I think, as the law since the decision of that case.

We are cited to a recent decision of the circuit court of this circuit, in the case entitled *Hand* v. *Kibler* (unreported), and it is claimed by Kibler & Kibler that the court decided that the wife was entitled to the value of her inchoate right of dower on the distribution of the proceeds of the sale of land in a partition case.

The circuit court in their opinion said that the decision in the case of *Weaver* v. *Gregg* was in conflict with the later decision of our Supreme Court in the case of *Mandel* v. *McClave*, 46 O. S., 407.

The applicant for a part of the proceeds to be distributed in the case of *Hand* v. *Kibler* was the divorced wife of the tenant in common. The circuit court held that she was entitled in the distribution of proceeds, to the present value of her inchoate right of dower.

We are unable to agree with the circuit court that the decision of the Supreme Court in *Mandel* v. *McClave* conflicts with the decision of the court in the case of *Weaver* v. *Gregg*.

In *Mandel* v. *McClave* the question was different. There the question was whether the wife was entitled to the value of her dower as against the creditors of her husband. Mandel and his wife had executed two separate mortgages upon their interest in the land owned by him. A suit was brought to foreclose the mortgages. In the meantime judgment had been rendered against Mandel in favor of other creditors, and those judgments were liens upon the land. The land was sold in the foreclosure proceedings, and it came to the distribution of the proceeds. Mrs. Mandel made an application to the court for an allowance to her out of the proceeds of a sum of money representing the present value of her inchoate right of dower as against the claims of the judgment creditors, and the court held that she was entitled to the present value of her inchoate right of dower in the whole premises, or rather the whole value of the land, as between her and the judgment creditors of her husband. They regarded her in the character of a surety and her husband as that of the principal debtor. They say (page 414):

"As between each other he would be the principal and she his surety. We think the same principle should be applied to her contingent right of dower."

The court held that by signing mortgages releasing her dower it inured only to the benefit of the mortgagees, and did not inure to the benefit of the subsequent judgment creditors. There being sufficient funds to satisfy the mortgages, but not sufficient to pay the other judgments which were liens, that as between those judgment creditors and Mrs. Mendel she was entitled to the value of her inchoate right of dower out of the entire proceeds, and they awarded it to her.

In that case the court call attention to other decisions of the Supreme Court, among the rest *Kling* v. *Ballentine*, reported in 40 O. S., 391. In speaking of the case of *Kling* v. *Ballentine*, the court say:

"In that case the contest was between the widow and certain devisees, who were daughters of the husband. The widow had, during her husband's life, joined with him in a mortgage of his

lands to secure his debt, and that court held, as against the husband's devisees, who were his daughters, the widow was entitled to dower in the whole of the lands, to be paid out of the surplus after the mortgage debt had been paid, thus exhausting the husband's interest before resorting to the wife's dower. In that case the devisees were entitled to all the interest of the husband, their devisor, as in the case at bar the judgment creditors were entitled to all the interest of their debtor in the fund. The principles that underlie and justify the holding of the court in that case are the same which we apply to the case before us; they are, that the contingent interest of the wife to dower in her husband's real estate is valuable, and that her release of it by joining with him in a mortgage to secure his debt, is not a technical bar, and inures only to the mortgagee and those claiming under him.''

The circuit court of this circuit in the Hand-Kibler case say that the case of *Weaver* v. *Gregg* and *Mandel* v. *McClave* are in conflict. But, as said in *Mandel* v. *McClave*, *Kling* v. *Ballentine*, and other cases cited, the question was not between the husband and wife, but between the wife and creditors of the husband.

We find in another circuit court decision of this state where the court cites the case of *Weaver* v. *Gregg* approving it, and quotes the language of the court in their opinion. The decision of that circuit court was rendered after the case of *Mandel* v. *McClave* was decided, so it appears that the circuit court which decided that case did not understand that *Mandel* v. *McClave* overruled *Weaver* v. *Gregg,* or was in conflict with it. *Mandel* v. *McClave* was decided in 1889, and the case I speak of, *Gillett* v. *Miller,* 12 C. C., 209, was decided in 1895. On page 212, Judge Day, who rendered the opinion, cites the case of *Weaver* v. *Gregg* and quotes part of the opinion. In that case the question was substantially the same as that in the case of *Mandel* v. *McClave,* and the court held in line with *Mandel* v. *McClave,* that the wife, as between herself and the creditors of her husband, was entitled to the present value of her inchoate right of dower in the whole lands owned by him.

In the case before us now, there is no question of the rights of creditors, and so far as it appears from the record no creditors

had liens upon the land. It is the simple question whether, in the partition of lands among tenants in common, their spouses are necessary parties. That depends upon and is determined by the solution of the question whether the husband or wife, as between the tenant in common and his spouse, is entitled to receive the present value of his inchoate right of dower upon the distribution of the funds arising from the sale of the common estate.

It has been held by one of the nisi prius courts of this state that in a partition suit the wife is a necessary party, and that she is entitled to a distributive share of the proceeds of the sale of the land; that is, she is entitled to the value of her inchoate right of dower. In another nisi prius decision it is held the other way. The Common Pleas Court of Franklin County, on an application made by the wife, whose husband was a party to the suit and a tenant in common in the land, decreed and ordered the value of her inchoate dower in his interest to be distributed to her. In another nisi prius court in Delaware county, the wife was the owner of the real estate, and her husband had abandoned her. They were living separate and apart, although they were husband and wife. The husband came in and asked to be made a party, which was done. He filed an application and asked the court to pay over to him the present value of his inchoate dower in his wife's interest in the land. The court refused to do so and ordered the whole amount to be paid to the wife.

I can see a distinction in the case before us now and the Hand case cited by counsel, which I understand is now pending in the Supreme Court. It seems to me that it was unnecessary for the circuit court to say in their opinion that the case of *Weaver* v. *Gregg* and *Mendel* v. *McClave* are in conflict. The distinction is this: in the Hand case the wife had been divorced from her husband for the husband's aggressions. By force of the statute she retained her dower interest in his land of which he was seized at the time the decree of divorce was granted. If she had not received the value of her inchoate dower from the sale of his land in partition on the distribution of the proceeds, she would lose her interest in that part of his estate. Or, in other words,

if the purchaser of the land in that suit took the real estate free and divested of her dower interest, and the whole of the funds was distributed to the husband, she would have no lands in which to claim dower in the event of his prior decease, nor could she on his death claim an interest in his personal estate.

It is to be presumed that in the decision of a divorce case the court protects the interests of the wife in the personal estate of her husband by an allowance of alimony. There is no provision of law for a divorced wife to share in the personal estate of a deceased former husband. The law is that the divorced wife does not take dower in after-acquired real estate of her husband. It is only by force of the statute that she retains her dower in the real estate of which he was seized at the time of the decree of divorce, or any time during coverture, if she has not released her dower. If the husband invests the funds arising from the sale of his interest in land in other real estate, his wife's dower right immediately attaches. If he does not invest it in real estate, it is personal property, and if he dies seized of personal property his wife is entitled, under the law, to her share in his personal estate. But if a decree of divorce has been granted these results do not obtain in favor of the divorced wife.

So it seems to me that there could be a good ground for a distinction in a case where a man and woman are husband and wife, and in a case where that relation has been extinguished by a decree of divorce.

It has been the practice, almost or quite universal in this state, that where lands are sold in partition cases in which a husband or wife is a tenant in common, upon a distribution of the proceeds of the sale of the land, the share of the fund is distributed to the owner of the interest in the land, the tenant in common. It has never been the practice to divide the share, and distribute a part to the tenant in common and a part to the husband or wife, as the case may be, as the present value of the inchoate dower.

There is no more reason for that than there would be to distribute a part of a judgment paid by a land owner, whose lands have been taken for public use under the law of eminent domain.

In the exercise of the right of eminent domain, land may be taken for public use. The value is fixed by a jury, judgment is rendered in favor of the land-owner, and the amount or value of the land is paid to him. But so far as I know I have never heard of a division being made between husband and wife in the distribution of that fund. So it would be the same where the husband owns land and dedicates it to public use. The dower right of the wife becomes extinguished. It would hardly be claimed that where a husband, if he owns land and dedicates it to public use, and afterwards dies, that his wife has a dower interest in it; or if it be appropriated in a writ brought for that purpose, and the value be found and the money paid to the husband, that the wife would be entitled to afterwards claim dower in that same land, on the ground that she was not made a party defendant in the appropriation case.

We might say further that there is no provision of the statutes for paying to the wife the value of her inchoate dower. The section of the statutes which provides for distribution in partition cases is Section 12039, General Code. That section reads:

"The money or securities received from a sale of, or an election to take the estate, shall be distributed and paid, by order of the court, to the parties entitled thereto, in lieu of their respective parts and proportions of the estate, according to their rights therein."

That means an aliquot part or proportion—the part or proportion which is owned by the tenant in common, and does not and can not be construed to mean an interest undetermined, which may never become consummate, like the inchoate right of the wife's dower.

The Supreme Court of Indiana, it seems, understands from a consideration of the cases decided by the Supreme Court of Ohio, that *Weaver* v. *Gregg* is still the law. In the case of *Hagerty* v. *Wagner*, reported in 39 L. R. A., 384, it is said, at page 392:

"In *Weaver* v. *Gregg*, 6 O. S., 547, it is held in a very able opinion by Brinkerhoff, Judge, speaking for the whole court,

that a partition sale and deed, without making the wife of a co-tenant a party, extinguishes her inchoate right of dower, under statutes similar to our own, and passes the entire estate to the purchaser. Appellee's learned counsel contend that the case just cited has been overruled by the Supreme Court of the state of Ohio in the following cases: *Black* v. *Kuhlman*, 30 O. S., 196; *Unger* v. *Leiter*, 32 O. S., 210; *Dingman* v. *Dingman*, 39 O. S., 17; *Mandel* v. *McClave*, 46 O. S., 407. We have examined these cases and find they do not even touch the subject, much less do they overrule the doctrine laid down in *Weaver* v. *Gregg*, that a partition sale extinguishes the inchoate right of dower of the wife of one of the co-tenants, without making her a party."

We hold that the wife of a tenant in common is not a necessary party in a partition suit. As between husband and wife our Supreme Court never yet has gone to the extent of holding that she is a necessary party and entitled to share in the fund arising from the sale of the land. It is not necessary to do so to protect her interests.

We overrule the motion of Kibler & Kibler for an allowance of a portion of the attorney fees in the case. Exceptions are noted.